UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HILAL SEKLAWI,

        Petitioner,        Case Number: 2:08-CV-13864

v.        HON. VICTORIA A. ROBERTS

KENNETH ROMANOWSKI,

        Respondent.
_____/

**ORDER DENYING RESPONDENT'S MOTION TO DISMISS, GRANTING PETITIONER'S MOTION TO ACCEPT PETITIONER'S FIRST AMENDED PETITION AND DIRECTING RESPONDENT TO FILE AN ANSWER**

      Petitioner Hilal Seklawi, through counsel, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his convictions for second-degree criminal sexual conduct and using the internet with the intent to commit criminal sexual conduct. Respondent has filed a Motion to Dismiss because the petition contains unexhausted claims. In response, Petitioner has filed a "Motion to Accept Petitioner's First Amended Petition for Writ of Habeas Corpus and to Compel the Respondent to Respond to Petitioner's First Amended Writ" (Motion to File Amended Petition).

      Petitioner's convictions are the result of a no contest plea in Genesee County Circuit Court. He was sentenced to 3 to 15 years' imprisonment for the second-degree criminal sexual conduct conviction and 2 years, 5 months to 4 years' imprisonment for the using a computer for illicit purposes conviction. He filed an application for leave to appeal in the Michigan Court of Appeals, raising the following claims:

      I.      The District Court violated Petitioner's Sixth Amendment right to a public trial

    when it closed the courtroom during his preliminary examination.

 II. The trial court violated Petitioner's Sixth Amendment right to trial by jury when it utilized facts found only by a preponderance of the evidence in order to increase his maximum possible sentence from an intermediate sanction to an indeterminate prison term.

The Michigan Court of Appeals denied leave to appeal. *People v. Seklawi*, No. 281938 (Mich. Ct. App. Jan. 14, 2008). Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the same claims raised in the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal. *People v. Seklawi*, No. 135986 (Mich. March 27, 2008).

Petitioner then filed the pending petition for a writ of habeas corpus, raising the following claims:

 I. Was Petitioner denied his right to a public trial where the Michigan trial court, without holding a hearing or obtaining a waiver from the Petitioner, closed the proceedings to the public, and Petitioner's counsel at the hearing was ineffective for failing to object to the closure.

 II. Petitioner was deprived of his constitutional rights to a fair hearing when his defense counsel failed to investigate his known defenses, failed to compel discovery and failed to object to the closing of the courtroom doors which denied Petitioner due process of law and thus defense counsel was ineffective for these omissions.

 III. The trial court violated Petitioner's Sixth Amendment right to trial by jury when it utilized facts found only by a preponderance of the evidence in order to increase his maximum possible sentence from an intermediate sanction to an indeterminate prison term.

 IV. Petitioner was denied due process by the trial court and his sentence should be vacated.

 V. Petitioner, a Lebanese national, suffered actual prejudice when his rights under Article 36 of the Vienna Convention, the Foreign Sovereign Immunities Act of 1876, 28 U.S.C. 1602 et. seq. and the corresponding treaty, were violated by the inaction of the state and federal officials, and the ineffective assistance of defense

counsel.

Respondent filed a motion to dismiss on the ground that Petitioner's second, fourth, and fifth claims are unexhausted.

A prisoner challenging his confinement by way of a habeas corpus petition must exhaust his state court remedies prior to seeking federal habeas corpus relief by fairly presenting the substance of each federal constitutional claim in state court. 28 U.S.C. § 2254(b); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). A prisoner "'fairly presents' his claim to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993). State prisoners in Michigan must raise each claim in the Michigan Court of Appeals *and* in the Michigan Supreme Court before seeking federal habeas corpus relief. *See Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). The petitioner bears the burden of showing that state court remedies have been exhausted. *Caver v. Straub*, 349 F.3d 340, 345 (6th Cir. 2003).

Petitioner's second, fourth, and fifth claims have not been presented to any Michigan state court and, therefore, are unexhausted. In his Motion to File Amended Petition, Petitioner acknowledges that three of his claims are unexhausted and states that he would like to abandon those unexhausted claims. The Court will grant Petitioner's request to abandon his unexhausted claims and will accept for filing his amended petition. Because the amended petition presents only exhausted claims, the Court will deny Respondent's motion to dismiss and require an answer be filed.

Accordingly, **IT IS ORDERED** that Respondent's Motion to Dismiss [dkt. #5] is

**DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's "Motion to Accept Petitioner's First Amended Petition for Writ of Habeas Corpus and to Compel the Respondent to Respond to Petitioner's First Amended Writ" [dkt. # 9] is **GRANTED** and the First Amended Petition is accepted for filing.

**IT IS FURTHER ORDERED** that Respondent shall file an answer, in accordance with Rule 5, Rules Governing Section 2254 cases, addressing the merits of the amended petition for a writ of habeas corpus within **SIXTY DAYS** from the date of this Order.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: November 16, 2009

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on November 16, 2009.

s/Carol A. Pinegar
Deputy Clerk

4