UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HILAL M. SEKLAWI,

                Petitioner,                     Case Number: 2:08-CV-13864

v.                                     HONORABLE VICTORIA A. ROBERTS

KENNETH ROMANOWSKI,

                Respondent.

_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY

Petitioner Hilal M. Seklawi, through counsel, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  At the time he filed his petition, Petitioner was incarcerated at the Mound Correctional Facility in Detroit.  Following his release on parole, Petitioner was deported to Lebanon.[1]  Petitioner challenges his convictions for using the internet to commit a crime and second-degree criminal sexual conduct on the ground that his right to a public trial was violated and the sentencing court violated his right to a trial by jury when it increased his maximum possible sentence based upon facts

---

[1]  Petitioner's deportation does not render these proceedings moot because the challenged convictions impact Petitioner's future ability to re-enter this country.  *See Perez v. Greiner*, 296 F.3d 123, 126 (2d Cir. 2002) ("[An] alien's inability to reenter and reside legally in the United States with his family is a collateral disadvantage imposed as a matter of law.") (internal quotation omitted); *Ahmed v. Mahoney*, 18 F. App'x 585, 587 (9th Cir. 2001) (holding that habeas petition challenging state court conviction is not rendered moot by Petitioner's deportation because challenged conviction could prevent Petitioner's re-entry to the United States).

not proven beyond a reasonable doubt.

The Court denies the petition.

## I.

Petitioner pleaded no contest in Genesee County Circuit Court to one count of using a computer and the internet with the purpose to commit criminal sexual conduct and one count of second-degree criminal sexual conduct. In exchange for his plea, the prosecutor dismissed three other counts. On August 14, 2007, Petitioner was sentenced to three to 15 years in prison for the second-degree criminal sexual conduct conviction and two years, five months to four years in prison for the using a computer with the purpose to commit criminal sexual conduct conviction.

Petitioner filed a motion for resentencing in September 2007. The trial court denied the motion. In October 2007, Petitioner filed a motion to withdraw his plea, on the ground that the courtroom was improperly closed during the preliminary examination. The trial court denied the motion.

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, raising the following claims:

I.    The District Court violated Petitioner's Sixth Amendment right to a public trial when it closed the courtroom during his preliminary examination.

II.   The trial court violated Petitioner's Sixth Amendment right to trial by jury when it utilized facts found only by a preponderance of the evidence in order to increase his maximum possible sentence from an intermediate sanction to an indeterminate prison term.

The Michigan Court of Appeals denied leave to appeal. *People v. Seklawi*, No.

2

281938 (Mich. Ct. App. Jan. 14, 2008).  Petitioner filed an application for leave to appeal

in the Michigan Supreme Court, raising the same claims raised in the Michigan Court of

Appeals.  The Michigan Supreme Court denied leave to appeal.  *People v. Seklawi*, 481

Mich. 879; 748 N.W.2d 840 (Mich. March 27, 2008).

Petitioner then filed the pending petition for a writ of habeas corpus, raising the

following claims:

I.    Petitioner was denied his right to a public trial where the Michigan trial
      court, without holding a hearing or obtaining a waiver from the Petitioner,
      closed the proceedings to the public, and Petitioner's counsel at the hearing
      was ineffective for failing to object to the closure.

II.   Petitioner was deprived of his constitutional rights to a fair hearing when
      his defense counsel failed to investigate his known defenses, failed to
      compel discovery and failed to object to the closing of the courtroom doors
      which denied Petitioner due process of law and thus defense counsel was
      ineffective for these omissions.

III.  The trial court violated Petitioner's Sixth Amendment right to trial by jury
      when it utilized facts found only by a preponderance of the evidence in
      order to increase his maximum possible sentence from an intermediate
      sanction to an indeterminate prison term.

IV.   Petitioner was denied due process by the trial court and his sentence should
      be vacated.

V.    Petitioner, a Lebanese national, suffered actual prejudice when his rights
      under Article 36 of the Vienna Convention, the Foreign Sovereign
      Immunities Act of 1876, 28 U.S.C. 1602 et. seq. and the corresponding
      treaty, were violated by the inaction of the state and federal officials, and
      the ineffective assistance of defense counsel.

Respondent filed a motion to dismiss on the ground that Petitioner's second,

fourth, and fifth claims are unexhausted.  In response, Petitioner filed a Motion to File

3

Amended Petition, acknowledging that three of his claims were unexhausted and seeking to abandon those unexhausted claims. The Court granted Petitioner's request to abandon his unexhausted claims. Therefore, only Petitioner's first and third claims are before the Court.

## II.

Petitioner's claims are reviewed against the standards established by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (*quoting Williams v. Taylor*,

4

529 U.S. 362, 405-06 (2000)).  "[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (*quoting Williams*, 529 U.S. at 413).  However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous.  The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.  "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, __ U.S. __, 131 S. Ct. 770, 789 (2011), *quoting Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). "Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-87 (internal quotation omitted).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as

5

determined by the Supreme Court at the time the state court renders its decision. *See Williams,* 529 U.S. at 412. Section 2254(d) "does not require citation of [Supreme Court] cases – indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). "[W]hile the principles of "clearly established law" are to be determined solely by resort to Supreme Court rulings, the decisions of lower federal courts may be instructive in assessing the reasonableness of a state court's resolution of an issue." *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007), *citing Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002).

Lastly, a federal habeas court must presume the correctness of state court factual determinations. See 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

## III.

### A.

The Sixth Amendment guarantees that, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI. Petitioner claims that his right to a public trial was violated during the preliminary examination because the trial court closed the courtroom while the victim testified. Respondent argues that this claim was waived by Petitioner's no contest plea.

6

The Supreme Court held that "a guilty plea represents a break in the chain of events which has preceded it in the criminal process." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). An unconditional guilty plea constitutes a waiver of all pre-plea non-jurisdictional constitutional deprivations. *Id*; *see also U.S. v. Ormsby*, 252 F.3d 844, 848 (6th Cir. 2001) (holding that "[a] voluntary and unconditional guilty plea waives all non-jurisdictional defects in the proceedings"). "'A plea of no contest invokes the same waiver principle' as a plea of guilty." *Al-Tamimi v. Warren*, 2:06-12427, 2007 WL 3408581, * 4 (E.D. Mich. Nov. 15, 2007), *quoting Gomez v. Berge*, 434 F.3d 940, 942 (7th Cir. 2006). *See also Murr v. Turner*, No. 95-4013, 1996 WL 683500, *1 (6th Cir. 1996) ("A defendant who pleads guilty or no contest generally waives any non-jurisdictional claims that arose before his plea."). Petitioner's claim that his right to a public trial was violated during the preliminary examination is a pre-plea, non-jurisdictional claim waived by the no contest plea. *See Hardy v. Cate*, No. CV 07-4468, 2009 WL 205871, *14 (C.D. Cal. July 10, 2009) (holding that claim of alleged violation of right to public trial was waived by the habeas petitioner's guilty plea).

Petitioner also argues that his attorney was ineffective for failing to object to the violation of his right to a public trial, failing to compel discovery, and failing to investigate known defenses. As stated, a knowing and voluntary guilty plea waives all nonjurisdictional defects in the proceedings, *Tollett* 411 U.S. at 267 (1973), including a claim of ineffective assistance of counsel that does not relate to the voluntariness of the plea. *See U.S. v. Stiger*, 20 F. App'x 307, 308-09 (6th Cir. 2001). To prevail on a claim

7

2:08-cv-13864-VAR-MJH   Doc # 14   Filed 05/03/11   Pg 8 of 12   Pg ID 559

of ineffective assistance of counsel in connection with a plea, a petitioner must

demonstrate "that counsel's performance was deficient" and "that the deficient

performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687, 104

S.Ct. 2052, 80 L.Ed.2d 674 (1984). In guilty plea cases, the "prejudice" prong "focuses

on whether counsel's constitutionally ineffective performance affected the outcome of the

plea process." *Hill v. Lockhart,* 474 U.S. 52, 59 (1985). The petitioner must show "a

reasonable probability that, but for counsel's errors, he would not have pleaded guilty and

would have insisted on going to trial." *Id.*

Petitioner's allegation that his attorney failed to object to the closing of the

courtroom during the preliminary examination does not provide a basis for habeas relief.

This claim does not attack the voluntary or intelligent nature of his plea by alleging that

counsel's advice regarding the plea was inadequate. Instead, it relates to an earlier

alleged constitutional deprivation during the preliminary examination. This claim

therefore was waived by the subsequent plea. *See* U.S. v. Stiger, 20 F. App'x 307, 308-

09 (6th Cir. 2001).

Petitioner also alleges that his attorney was ineffective in failing to investigate

possible defenses and failing to compel discovery. Where a habeas petition alleges

counsel failed to investigate or discover potentially exculpatory evidence, "the

determination whether the error 'prejudiced' the defendant by causing him to plead guilty

rather than go to trial will depend on the likelihood that discovery of the evidence would

have led counsel to change his recommendation as to the plea. This assessment, in turn,

8

will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial." *Hill*, 474 U.S. at 58.

In this case, Petitioner fails to identify any information which would have led counsel to change the plea recommendation. First, the record shows that prior to the preliminary examination, defense counsel pursued discovery of relevant material including data retrieved from seized computers. While he charges that counsel should have discovered that the victim had a history of bipolar disorder, he fails to show that such testimony would have been admissible or exculpatory, or that it would have altered the decision to enter a plea. Petitioner's remaining claim that counsel should have and could have done more is conclusory. It is well-settled that conclusory allegations are insufficient to justify habeas relief. *See Cross v. Stovall*, 238 F. App'x 32, 39-40 (6th Cir.2007); *Prince v. Straub*, 78 F. App'x 440, 442 (6th Cir.2003); *Workman v. Bell*, 178 F.3d 759, 771 (6th Cir. 1998) (conclusory allegations of ineffective assistance of counsel do not justify federal habeas relief); *see also Washington v. Renico*, 455 F.3d 722, 733 (6th Cir. 2006) (bald assertions and conclusory allegations do not provide a basis for an evidentiary hearing in habeas proceedings). Petitioner does not allege that, but for counsel's alleged errors, he would have insisted on going to trial instead of pleading guilty. Therefore, the Court concludes that Petitioner fails to satisfy the second prong of *Strickland*.

### B.

In his second habeas claim, Petitioner argues that the trial court violated his Sixth

9

and Fourteenth Amendment rights because the trial court improperly based his sentence on facts that were not submitted to a jury, proven beyond a reasonable doubt, or conceded at the plea hearing in violation of his constitutional rights.  *See Blakely v. Washington*, 543 U.S. 296, 303-05 (2004) (state trial court's action in sentencing defendant beyond the statutory maximum of the standard range for his offense based upon judicial finding of deliberate cruelty violated Sixth Amendment right to trial by jury).  In *Apprendi v. New Jersey*, 530 U.S. 466 (2000)*,* the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490.  The "statutory maximum" for purposes of *Apprendi* "is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Blakely*, 542 U.S. at 303 (emphasis omitted).

Michigan has an indeterminate sentencing system for most crimes, including second-degree criminal sexual conduct.  The maximum term of imprisonment is set by law.  *People v. Drohan*, 475 Mich. 140, 160-61 (2006).  The United States Court of Appeals for the Sixth Circuit held that "*Apprendi's* rule does not apply to judicial factfinding that increases a minimum sentence so long as the sentence does not exceed the applicable statutory maximum." *Chontos v. Berghuis*, 585 F.3d 1000, 1002 (6th Cir.2009) (*citing Harris v. United States*, 536 U.S. 545, 563-68 (2002)).  Here, the sentencing court did not exceed the statutory maximum for Petitioner's crimes.  Therefore, the sentencing scheme did not run afoul of the Sixth Amendment.  Because

10

*Blakely* does not apply to indeterminate sentencing schemes like the one utilized in Michigan, the trial court's sentence did not violate the petitioner's constitutional rights. *Chontos v. Berghuis*, 585 F.3d 1000, 1002 (6th Cir. 2009); *Arias v. Hudson*, 589 F.3d 315, 317-18 (6th Cir.2009) (reaffirming that judicial fact-finding which increases a minimum sentence does not run afoul of *Blakely*).

## IV.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253.  Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. §2253(c)(2).  A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citation omitted).

The Court concludes that reasonable jurists would not debate the conclusion that the petition fails to state a claim upon which habeas corpus relief should be granted. Therefore, the Court will deny a certificate of appealability.

## V.

For the foregoing reasons, the petition for a writ of habeas corpus and a certificate

of appealability are **DENIED** and the matter is **DISMISSED WITH PREJUDICE.**

**IT IS ORDERED**.

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  May 3, 2011

| |
|---|
| The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on May 3, 2011.<br><br>s/Linda Vertriest<br>Deputy Clerk |